**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re: | Chapter 7 |
| OXFORD STREET EDUCATION, LLC<br>d/b/a THE CROFT SCHOOL | Case No. 26-11334 |
| Debtor. | |

**TRUSTEE'S MOTION FOR LIMITED OPERATING AUTHORITY
(REQUEST FOR EMERGENCY DETERMINATION)**

Harold B. Murphy, the duly appointed interim trustee ("Trustee") of the above referenced debtor (the "Debtor"), respectfully requests that the Court authorize, on an emergency basis pursuant to MLBR 9013, the Debtor's continued operation until June 12, 2026. In support of this motion, the Trustee submits as follows:

1.      On June 5, 2026 (the "Petition Date"), Oxford Street Education, LLC d/b/a The Croft School ("Croft" or the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), commencing the Bankruptcy Case. The Debtor reports that its financial issues leading to the filing of this case are the consequence of a series of alleged fraudulent actions by its founder and now-former president Scott Given, which came to light in March 2026.

2.      On the afternoon of June 5, 2026, the Trustee was appointed.

3.      The Trustee requests emergency relief under 11 U.S.C. § 721 to operate the Debtor's three school locations for a one-week period, to and include the currently scheduled last day of school on June 12, 2026. The Bankruptcy Code provides: "The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best

287465204

interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721; *see Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985).

4. This emergency relief would enable the continued operation of the Debtor's three schools through June 12, 2026. The orderly closure of the school after the end of the school schedule will minimize or eliminate additional claims and facilitate the orderly liquidation of the estate. For these reasons, and as discussed below, limited operating authority sought herein is in the best interest of the estate.

5. The Trustee is informed that most of the cost of operations for this limited period has been pre-arranged by the Debtor, paid for with funds previously loaned to the Debtor by school parents via nonprofit entities formed by them to support continuity of school operations. The Debtor informs the Trustee that on June 3, 2026, it prepaid employee wages through June 12, 2026 for employees at two of its locations, Jamaica Plan and the South End. The Providence location is under the supervision of a court-appointed Special Master (as detailed below), and the Special Master has the funds for and court authority to pay employees through June 12, 2026. The Debtor has also informed the Trustee that it has prepaid employee health insurance benefits (health, dental and vision) for all participants for the month of June and that the Debtor's commercial insurance policy is paid up and remains in effect through September 1, 2026.

6. The Trustee is informed that on March 24, 2026, a group of PVD families filed a *Verified Petition for Appointment of a Receiver* in the Superior Court for Rhode Island for the appointment of a receiver over all Croft assets. At the emergency hearing on appointment of the receiver, after hearing arguments from the parties, the Superior Court appointed W. Mark Russo ("Russo") as an examiner to examine all facts regarding the operation of PVD and make recommendations to the Superior Court. On March 26, 2026, with the agreement of Russo, Croft, and the petitioning PVD families, the Court appointed Russo as Special Master of PVD (the "PVD

2

Special Master") solely for the limited purposes set forth in the appointment order. The PVD Special Master is "authorized to open bank accounts and to receive funds from any source, including but not limited to tuition payments, donations, grants, or Court-directed transfers from the Special Master's bank account on behalf of and intended for the benefit of the Providence School, and to disburse those funds directly to vendors and service providers necessary for the Providence School's operations as determined by the Special Master."

7. Croft cannot close, suspend, or materially curtail the operations of PVD, without further order of the Rhode Island Superior Court, so long as the PVD Special Master has funds available for the operation of PVD, including payroll, wages, food service vendors, or other service providers necessary to ensure continuous, uninterrupted operation of PVD.

8. As of the petition date, PVD Special Master controls the money raised by the PVD families to fund PVD through the 2025-2026 school year.

Wherefore, the Trustee prays that the Court:

1. Enter an emergency order authorizing the Trustee to operate through June 12, 2026 and grant such other relief as is just and proper.

<div style="margin-left: 50%;">

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE,
BY:

/s/ Andrew G. Lizotte
Harold B. Murphy (BBO #362610)
Andrew G. Lizotte (BBO #559609)
MURPHY & KING
Professional Corporation
28 State Street, 31st Floor
Boston, Massachusetts 02109
Telephone No.: (617) 423-0400
Email: ALizotte@murphyking.com

Dated: June 5, 2026

</div>

3