## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Chapter 7** |
| **OXFORD STREET EDUCATION, LLC.,** | ) | |
| **d/b/a THE CROFT SCHOOL,** | ) | **Case No. 26-11334-JEB** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## NOTICE OF ABANDONMENT OF ESTATE'S INTEREST IN PERSONAL PROPERTY
## (PROVIDENCE, RHODE ISLAND AND BOSTON, MASSACHUSETTS)

To the Honorable Janet E. Bostwick, United States Bankruptcy Judge:

PLEASE TAKE NOTICE that, pursuant to 11 U.S.C. §554, Federal Rule of Bankruptcy Procedure 6007(a) and Massachusetts Local Bankruptcy Rule 6007-1, Harold B. Murphy, the duly-appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Oxford Street Education, LLC (the "Debtor"), intends to abandon all right, title and interest of the Debtor's bankruptcy estate in personal property located at:

(i)     1525 Washington Street, Boston, Massachusetts;

(ii)    1310 Washington Street, Boston, Massachusetts;

(iii)   3815 Washington Street, Boston, Massachusetts; and

(iv)    144 Medway Street, Providence, Rhode Island

        (collectively, the "Personal Property").

The Personal Property consists of classroom and office furniture, fixtures, equipment and supplies, including computers and electronics.  In the case of 1525 Washington Street and 1310 Washington Street, interest in the Personal Property was transferred to a parents group prior to the bankruptcy filing.   In the case of 3815 Washington Street, the Personal Property is subject to the lien held by Friends of JP Education, Inc. securing a claim in excess of $500,000. In the case of 144 Medway Street, the Personal Property is subject to a lien held by Channel Partners Capital, LLC in the scheduled amount of approximately $37,000.  Additionally, administration of the Personal Property would result in the accrual of administrative expenses, including without limitation costs and fees incurred by the Trustee, his counsel, and an auctioneer.

In consideration of the foregoing, the Trustee has determined that the Personal Property has no value to the estate in excess of liens, encumbrances, and interests, and costs of

administration.  Abandonment is therefore appropriate pursuant to 11 U.S.C. §554 as the Personal Property is burdensome and of inconsequential value to the estate.

Parties in interest shall have fifteen (15) days from the filing of this Notice to object to the proposed abandonment of the Personal Property.  All of the right, title, and interest of the estate of the Debtor in the Personal Property shall be deemed abandoned, without further notice or order of the Court, upon expiration of the fifteen (15) notice period, unless a creditor or other party in interest files a written objection to the proposed abandonment with the Clerk's Office of the United States Bankruptcy Court within such time period and serves a copy of such objection upon the undersigned.

Respectfully submitted,

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE,
By counsel:

/s/ Andrew G. Lizotte
Harold B. Murphy (BBO #362610)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
28 State Street, Suite 3101
Boston, MA  02108
Telephone No.:  (617) 423-0400
Email:  alizotte@murphyking.com

Dated: July 17, 2026

2