**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

-----------------------------------------------------x
:
In re:                                   :                    **Case No. 26-11334-JEB**
:
**OXFORD STREET EDUCATION LLC,** :           **PARTIAL OBJECTION**
:                    **OF 144 WAYLAND, LLC**
:                    **TO MOTION OF TRUSTEE**
Debtor.                  :                    **TO REJECT LEASE**
:
-----------------------------------------------------x

144 Wayland, LLC, by and through its undersigned attorneys, hereby respectfully objects, in part, to Trustee's Motion to Reject Lease of Non-Residential Real Property (at the Premises located at 144 Wayland Avenue, Providence, Rhode Island).  As grounds for its partial objection, 144 Wayland hereby avers that the effective Lease-rejection date should be no earlier than the date on which Debtor's Property is fully removed from Premises.

Any Trustee attempt to reject an unexpired lease is effective only upon this Court's Order granting approval for such rejection. See 11 U.S.C. §365(a); see also In re: Thinking Machines Corp., 67 F.3d 1021 (1ˢᵗ Cir. 1995).  Generally, effective lease-rejection occurs no earlier than the Bankruptcy Court's Order approving rejection. See, e.g., Paul Harris Stores v. Mabel L. Salter Realty Trust, 148 B.R. 307, 309 (S.D. Ind. 1992).  This Court is equitably empowered to direct retroactive rejection in limited "suitable cases." In re: Thinking Machines Corp., 67 F.3d at 1028; see also In re: Garfinckels, Inc., 118 B.R. 154 (Bank. D.D.C. 1990) (providing that prejudice to landlord-creditor renders debtor's retroactive lease rejection inappropriate).

This action does not constitute a limited suitable case warranting retroactive lease rejection. Instead, equitable consideration of the sub judice circumstances directs Lease-rejection only upon full removal of Debtor's Property from the Premises.  Lease-rejection before Property-removal

1

would work a substantially-prejudicial injustice. The business of 144 Wayland is leasing Premises in exchange for monetary compensation from a tenant(s). 144 Wayland is most decidedly not in the business – nor is any legitimate landlord – of acting as an indefinite pro-bono bailee of the Property. Equity therefore dictates Lease-rejection only upon the restoration of 144 Wayland to a non-prejudiced lessor (to wit, resumption of its entitlement to lease Premises to a paying tenant free from Debtor's Property).

**WHEREFORE**, Creditor 144 Wayland, LLC respectfully requests that this Court issue an Order:

(1)    approving Lease rejection no earlier than the date Debtor's Property is fully removed from Premises; and

(2)    granting such other and further relief as this Court deems just and proper.

Dated: July 21, 2026

144 Wayland, LLC
By Its Attorney

/s/ Sean T. O'Leary
Sean T. O'Leary, Esq.
O'Leary Murphy, LLC
4060 Post Road
Warwick, Rhode Island 02886
401.615.8584
sto@olearymurphy.com

**CERTIFICATION**

I hereby certify that, on the 21st day of July 2026, I caused this document to be electronically filed and upon pro-hac admission, intend to serve the same (on all ECF-registered counsel for the parties to this action) through the Federal Electronic Filing System, and sent via electronic mail to Andrew Lizotte, Esq., Trustee counsel (at alizotte@murphyking.com), and the same shall be available for viewing and/or downloading from the said electronic filing system.

/s/ Sean T. O'Leary
Sean T. O'Leary, Esq.

2