UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>OXFORD STREET EDUCATION, LLC.,<br>d/b/a THE CROFT SCHOOL,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-11334-JEB |

## MOTION BY CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER (1) APPOINTING CRAIG R. JALBERT, CIRA AS PLAN ADMINISTRATOR OF THE DEBTOR'S RETIREMENT PLAN, (2) AUTHORIZING PAYMENT OF CERTAIN EXPENSES FROM THE RETIREMENT PLAN; AND (3) AUTHORIZING THE TERMINATION OF THE RETIREMENT PLAN

Harold B. Murphy, the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") in the above-captioned Chapter 7 case, respectfully requests (the "Motion") entry of an order: (1) appointing Craig R. Jalbert, CIRA as the plan administrator (the "Plan Administrator") of the 401(k) retirement plan provided by the Debtor (the "Plan"); (2) authorizing payment of certain expenses from the Plan; and (3) authorizing the termination of the Plan. In further support of the Motion, the Trustee states as follows:

### Background

1. On June 5, 2026 (the "Petition Date"), the Debtor commenced a bankruptcy case by filing a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

2. On June 5, 2026, the Trustee was appointed on an interim basis.

3. At the time of the filing, the Debtor operated a private school for students from pre- kindergarten through sixth (6th) grade in Boston, Massachusetts and Providence, Rhode

Island. All operations at the Croft School concluded as of June 12, 2026 and the school has ceased operations.

### The Plan

4.      The Debtor has sponsored (the "Plan Sponsor") a retirement plan since October 1, 2017. Participants in the Plan could elect to defer a portion of their pre-tax and post-tax wages. The Plan also featured a matching employer contribution and had other benefits allowing participants to borrow from their individual account balance. Plan assets are currently maintained with Gusto Retirement Services, LLC ("Gusto"), which also provides administrative services such as non-discrimination testing, and Form 5500 preparation in compliance with federal laws, and provides the basic plan document, adoption agreement and necessary amendments governing the Plan (the "Plan Documents").

5.      Now that the Debtor has ceased operations, procedures need to be established to provide for the orderly winddown and administration of the Plan.

6.      At the request of the Trustee, Gusto, or Guideline, has confirmed that: (i) it has placed an administrative freeze on Plan distributions pending the winddown process; and (ii) it will need to discontinue its role as the Plan's 3(16) fiduciary because as fiduciary, Gusto cannot be compensated from Plan assets.

7.      Section 704(a)(11) of the Bankruptcy Code provides that the Trustee shall oversee administration of a retirement plan if, as of the Petition Date, the Debtor or an entity designated by the Debtor serves as plan administrator.

2

## Relief Requested

8.      The Trustee seeks entry of an order (i) appointing Mr. Jalbert as Plan Administrator of the Plan; (ii) authorizing payment of certain expenses from the Plan; and (iii) authorizing termination of the Plan.

9.      The Trustee's application to retain the accounting firm Verdolino & Lowey, P.C. ("V&L") filed on June 18, 2026 [docket 22] includes authority to retain V&L to provide services relating to the administration and termination of the Plan.

10.      The Department of Labor ("DOL") and the Internal Revenue Service ("IRS") require a Plan Sponsor with a large Plan to hire an independent accountant to prepare financial statements for each Plan year and to attach that financial statement to the Form 5500, without exception.  Specifically, the Independent Qualified Public Accountant (IQPA) Report is required by DOL regulation Section 2520.103-1(b).

11.      Failure to file the IQPA Report results in a "deficient" Form 5500.  The penalties for submission of a deficient Form 5500 can be extensive and may also be charged to the individual who acts as Plan Administrator.  There are no exemptions available for insolvency or financial distress.[1]

12.      As a result, bankruptcy trustees have been advised by the DOL to utilize Plan assets – including funds in participant accounts – to cover any reasonable expenses, such as auditor fees to ensure the filing of a complete Form 5500 filing.

## I.      Appointment of Mr. Jalbert

13.      Gusto, in its role as the Plan's 3(16) fiduciary, is the current administrator of the Plan. The Plan administrator role will be transitioned to Mr. Jalbert.  As such, in addition to the

---

[1] For example, Mr. Jalbert was assessed penalties at $390 per day, up to $100,000 in the aggregate, for a deficient filing for a plan year in another case, as to a year prior to his service as plan administrator.

3

services set forth in the application to retain V&L, the Trustee seeks to appoint Mr. Jalbert as

Plan Administrator so that he has appropriate authority to take the requisite actions associated

with administration and termination of the Plan.

14. To the extent necessary, Mr. Jalbert has filed an affidavit pursuant to Section 327

of the Bankruptcy Code in support of his appointment as Plan Administrator.

15. Mr. Jalbert and V&L shall take all measures necessary and appropriate to wind

up and terminate the Plan in accordance with federal law.

16. V&L shall perform the following services: (i) review Plan records; (ii) prepare

documents to update Plan records as necessary; (iii) conduct a compliance check of payroll and

record keeper records to confirm timely deposits of contributions; (iv) conduct research for

participant addresses pursuant to the U.S. Department of Labor's Field Assistance Bulletin 2004-

02; (v) submit the necessary paperwork with Gusto to terminate the Plan; (vi) complete final

non-discrimination test; (vii) assist with the auditor field work required for the Form 5500

returns for the 2025 and 2026 Plan years and file the Form 5500 returns with the complete

financial statements prepared by the auditors; (viii) monitor progress of pre-approved

distributions from the Plan.

II. **Payment of Fees and Expenses for V&L, and the auditor from the Plan**

17. The Trustee seeks authority for V&L and the auditor to charge the Plan for its

fees and expenses necessary to terminate the Plan. Upon information and belief, there are no

funds being held in the Plan's forfeiture account. As a result, all fees and costs associated with

the liquidation and wind-down of the Plan, including administrative, auditing and legal fees and

expenses, will be borne by the Plan, with payment from the Plan's assets. Pursuant to Plan

Documents, compensation for fees and expenses may be charged against Plan assets if not paid by the Plan Sponsor.

18.    The Plan Documents provide for the payment of Mr. Jalbert and V&L's fees and costs from the Plan assets. The Plan, Section 2.8 provides: "All reasonable expenses of administration may be paid out of the Plan assets unless paid by the Employer. Such expenses shall include any expenses incident to the functioning of the Administrator, or any person or persons retained or appointed by any named Fiduciary incident to the exercise of their duties under the Plan, including, but not limited to, fees of accountants, counsel, Investment Managers, agents (including nonfiduciary agents) appointed for the purpose of assisting the Administrator or Trustee (or Insurer) in carrying out the instructions of Participants as to the directed investment of their Accounts (if permitted) and other specialists and their agents, the costs of any bonds required pursuant to Act §412, and other costs of administering the Plan."

19.    Auditor fees and expenses are currently estimated to be $40,000 for the preparation of the financial statements for the 2025 and 2026 Plan years. V&L's fees and expenses for the services referenced above are estimated to be $10,000. There are currently 194 participants in the Plan with an aggregate balance of $2,946,623.98. Payment of the auditor's fees would result in a charge of 1.70% of the balance in each participant's account. Since neither the DOL nor the IRS permit the Plan Administrator an exemption from preparation of the financial statements with the Form 5500 filing based upon financial hardship, the audit services must be performed for the reasons referenced above.

20.    The Trustee submits that payment of these costs should be borne by the Plan, rather than the Estate, because these services provide no benefit to the Estate, only to the Plan participants, while the Bankruptcy Code charges the Trustee with performing such services.

## III.   **Termination of the Plan**

21.     In order to provide the Plan participants with access to their funds and to limit ongoing administration costs, the Trustee seeks authority to terminate the Plan.

### **Notice**

22.     Notice of the Motion will be served upon the remaining Plan participants, the DOL, the Plan Trustee, the Internal Revenue Service, and all parties in interest.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an Order in the form attached hereto as Exhibit A:

(i)     Approving the relief requested herein; and

(ii)    Granting such other relief as is just and proper.

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Andrew G. Lizotte
Andrew G. Lizotte (BBO# 559609)
MURPHY & KING
Professional Corporation
28 State Street, Suite 3101
Boston, MA  02109
Telephone: (617) 423-0400
Email: *alizotte@murphyking.com*

Dated:  August 3, 2026

# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>OXFORD STREET EDUCATION, LLC.,<br>d/b/a THE CROFT SCHOOL,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>Case No. 26-11334-JEB |

### [PROPOSED] ORDER ON
### MOTION BY CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER (1) APPOINTING CRAIG R. JALBERT, CIRA AS PLAN ADMINISTRATOR OF THE DEBTOR'S RETIREMENT PLAN, (2) AUTHORIZING PAYMENT OF CERTAIN EXPENSES FROM THE RETIREMENT PLAN; AND (3) AUTHORIZING THE TERMINATION OF THE RETIREMENT PLAN

A motion having been filed by Harold B. Murphy, the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") in the above-captioned Chapter 7 case, for entry of an order (1) appointing Craig R. Jalbert as Plan Administrator of the Debtor's Retirement Plan, (2) Authorizing Payment of Certain Expenses from the Retirement Plan; and (3) Authorizing the Termination of the Retirement Plan (the "Motion"), all parties in interest having been notified and due cause appearing therefor, it is hereby ORDERED that:

1.    The Motion is granted.

2.    Craig R. Jalbert is hereby appointed Plan Administrator of the Debtor's 401(k) retirement plan (the "Plan").

3.    Mr. Jalbert and his firm Verdolino & Lowey, P.C. ("V&L") are authorized to take all measures reasonably necessary and appropriate to wind up and terminate the Plan.

1

4.      Mr. Jalbert and V&L are authorized to charge the Plan for fees and expenses incurred in completing the administration and termination of the Plan, without further order of the Court.

_____
Hon. Janet E. Bostwick
United States Bankruptcy Judge

Dated: August __, 2026

2