**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC**<br>**d/b/a THE CROFT SCHOOL**<br><br>**Debtor** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

**MOTION OF HAROLD B. MURPHY AS HE IS THE CHAPTER 7 TRUSTEE FOR
OXFORD STREET EDUCATION, LLC D/B/A THE CROFT SCHOOL FOR ENTRY OF
AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004
FOR THE EXAMINATION OF ALL-IN ACCOUNTING SOLUTIONS, LLC AND THE
PRODUCTION OF DOCUMENTS**

Harold B. Murphy as he is the Chapter 7 trustee (the "Trustee") of the bankruptcy estate

of Oxford Street Education, LLC d/b/a The Croft School (the "Debtor") moves pursuant to Rule

2004 of the Federal Rules of Bankruptcy Procedure and Rule 9016 of the Federal Rules of

Bankruptcy Procedure, for entry of an Order authorizing the examination of All-In Accounting

Solutions, LLC ("All-In Accounting"), and directing All-In Accounting to produce the

documents described in Exhibit A attached hereto.

In support of this motion, the Trustee respectfully states as follows:

1.      On June 5, 2026, the Debtor filed a voluntary petition for relief under chapter 7 of

title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing

the above-captioned case (the "Case").  The Trustee is the duly appointed Chapter 7 Trustee of the

Debtor.

2.      All-In Accounting provided accounting services to the Debtor including, but not

limited to, the preparation of financial statements, and/or other financial reporting or advisory

services prior to the Petition Date.

1

3.      The Trustee is investigating the Debtor's prepetition financial condition, business operations, and transactions, to, among other things, identify assets of the estate, liabilities of the Debtor and potential claims for the benefit of creditors.

4.      All-In Accounting possesses information which may include but not limited to financial statements, management reports, work papers, and communications with the Debtor's officers and board of managers that are relevant to the Trustee's investigation and are not otherwise readily available to the Trustee.

5.      Rule 2004(a) of the Federal Rules of Bankruptcy Procedure provides that, on motion of any party in interest, the court may order the examination of any entity.  Rule 2004(b) provides that the examination may relate to the acts, conduct, property, liabilities and financial condition of the debtor, or to any matter that may affect the administration of the debtor's estate, and may extend to any entity, including entities that are not the debtor.

6.      Good cause exists to authorize the requested examination because the documents sought are directly relevant to the Debtor's prepetition financial condition and transactions, are necessary to the Trustee's administration of the estate, and are not unduly burdensome or overbroad in light of the Trustee's need to evaluate the Debtor's financial affairs, including any private placement activity.

7.      By this Motion, the Trustee requests entry of an order, substantially in the form attached hereto as Exhibit B, (i) pursuant to Rule 2004 authorizing the Trustee to examine representatives of All-In Accounting having knowledge relating to and concerning, Debtor's prepetition financial condition and transactions and (ii) directing All-In Accounting to produce, within fifteen (15) days from the service of the order, the documents described in Exhibit A.

2

855326

8.      The document requests set forth in Exhibit A generally seek (a) financial statements of the Debtor, (b), management reports, business plan, financial projection (c) work papers relating to the foregoing (d) communications between All-In Accounting and the Debtor its officers and board of managers, (e) communications between All-In Accounting and any third party relating to or concerning the Debtor's financial conditions (f) documents relating to bonds or securities or debt instruments issued by the Debtor.

9.      Notice of this Motion has been provided to the United States Trustee, All-In Accounting and parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order substantially in the form attached hereto as Exhibit B:

(i)      Authorizing the examination of representatives of All-In Accounting Solutions, LLC pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure having knowledge relating to and/or concerning Debtor's prepetition financial condition and transactions;

(ii)     Directing All-In Accounting Solutions, LLC to produce the documents identified in Exhibit A within fifteen (15) days of entry of the Order; and

(iii)    Granting such other and further relief as the Court deems just and proper.

Dated: August 4, 2026                    Harold B Murphy, as he is Chapter 7 Trustee
                                         of Oxford Street Education, LLC
                                         By his Attorneys


                                         /s/Charles R Bennett Jr.
                                         Charles R. Bennett Jr. (BBO #037380)
                                         Murphy & King Professional Corporation
                                         28 State Street, Suite 3100
                                         Boston, MA 02109
                                         Telephone No.: (617) 423-0400
                                         Email: cbennett@murphyking.com

3

855326

**Exhibit A**

## EXHIBIT A

### DOCUMENT REQUEST TO ALL-IN ACCOUNTING SOLUTIONS, LLC

**DEFINITIONS AND INSTRUCTIONS**

1.  As used herein, "Documents" or "Document" shall have the broadest meaning permitted under Bankruptcy Rule 7034 and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, into reasonably usable form. This includes, but is not limited to, all originals, copies, drafts, revisions, amendments, modifications, correspondence, memoranda, notes, emails, text messages, instant messages, reports, analyses, spreadsheets, presentations, recordings, and any other tangible or electronically stored information.

2.  "Communication" means any exchange of information, whether oral or written, including but not limited to letters, emails, text messages, instant messages, telephone calls, voicemails, video conferences, and in-person conversations means all written, recorded, or graphic material of every kind, including electronically stored information, in the possession, custody, or control of All-In Accounting Solutions, LLC, its partners, members, employees, agents, or representatives.

3.  All-In Accounting Solutions, LLC shall produce all responsive Documents in its possession, custody, or control, regardless of the form or medium in which such Documents are maintained.

**RELEVANT TIME PERIOD**

Unless otherwise specified, these requests seek Documents dated, created, or in effect from January 1, 2019 through the Petition Date and shall include Documents created or received after the Petition Date to the extent they relate to the period preceding the Petition Date.

**DOCUMENT REQUESTS**

(a)  All financial statements of the Debtor prepared, compiled, reviewed, or maintained by All-In Accounting, including balance sheets, income statements, statements of cash flow, and statements of members' equity. ("Financial Statements");

(b)  All work papers relating to or concerning the preparation of Financial Statements;

(c)  All Documents furnished by the Debtor to All-In Accounting by the Debtor relating to or in connection with the Financial Statements;

(d)  All Documents furnished by any third party to All-In Accounting relating to or in connection with the Financial Statements or the Debtor;

1

855350

(e) All management reports, financial summaries, budgets, forecasts, and variance analyses prepared for or provided to the Debtor's officers or board of managers;

(f) All work papers, supporting schedules, reconciliations, and other underlying documentation relating to the preparation of any of the Documents requested in paragraphs A through E above;

(g) All-In Accounting internal communications concerning or relating to the Debtor including but not limited to memoranda, and electronic mail between any officer or member of the board of managers of the Debtor.

(h) All Communications by and among All-In Accounting and any officer or member of the board of managers of the Debtor.

(i) All Communications by and among All-In Accounting and any third party relating to or concerning the Debtor.

(j) All Documents relating to or concerning the Debtor's solicitation and or issuance of investment or offering of securities, bonds or other debt instruments including without limitation any private placement memoranda, subscription agreements, offering documents, investor communications, and related financial analyses or valuations.

2

855350

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC**<br>**d/b/a THE CROFT SCHOOL**<br><br>**Debtor** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

**ORDER**
**ON MOTION OF HAROLD B. MURPHY AS HE IS THE CHAPTER 7 TRUSTEE FOR**
**OXFORD STREET EDUCATION, LLC D/B/A THE CROFT SCHOOL FOR THE**
**EXAMINATION OF ALL-IN ACCOUNTNG SOLUTIONS, LLC AND THE**
**<u>PRODUCTION OF OCUMENTS</u>**

This matter having come before the Court for hearing on the Motion of Harold B.

Murphy as He is the Chapter 7 Trustee (the "Trustee") for Oxford Street Education, LLC d/b/a

The Croft School for Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004

for the Examination of All-In Accounting Solutions, LLC ("All-In Accounting") and the

Production of Documents (the "Motion") and directing All-In Accounting to produce the

documents described in Exhibit A attached to the Motion.  Due Notice having been provided and

after hearing and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOW:**

1.	The Motion is hereby allowed, and All-In Accounting shall designate one or more

representatives to appear and be examined under oath by the Trustee as to the acts, conduct,

property, liabilities, and financial condition of the Debtor, or to any matter that may affect the

administration of the Debtor's estate;

855372

2.      All-In Accounting shall electronically produce in a searchable format within fifteen (15) days from the service of this Order on All-In Accounting, the documents requested by the Trustee in <u>Exhibit A</u> to the Motion.

Dated this _____ day of August 2026.

                                                
Honorable Janet E. Bostwick
United States Bankruptcy Judge

855372