**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** | |
| **OXFORD STREET EDUCATION, LLC d/b/a THE CROFT SCHOOL** | **Chapter 7** |
| | **Case No. 26-11334-JEB** |
| **Debtor** | |

**MOTION OF HAROLD B. MURPHY AS HE IS THE
CHAPTER 7 TRUSTEE FOR OXFORD STREET EDUCATION, LLC
D/B/A THE CROFT SCHOOL FOR ENTRY OF AN ORDER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR THE EXAMINATION
OF AAFCPA, INC. AND THE PRODUCTION OF DOCUMENTS**

Harold B. Murphy as he is the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Oxford Street Education, LLC d/b/a The Croft School (the "Debtor") moves pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure for entry of an Order authorizing the examination of AAFCPA, Inc. ("AAFCPA"), and directing AAFCPA to produce the documents described in Exhibit A attached hereto.

In support of this motion, the Trustee respectfully states as follows:

1. On June 5, 2026, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing the above-captioned case (the "Case"). The Trustee is the duly appointed Chapter 7 Trustee of the Debtor.

2. AAFCPA provided accounting, tax preparation and advisory services to the Debtor prior to the Petition Date.

855353

3. The Trustee is investigating the Debtor's prepetition financial condition, business operations and transactions, to among other things, identify assets of the estate and potential claims for the benefit of creditors.

4. AAFCPA is believed to possess financial information relating to and concerning the preparation and filing of the Debtor's Federal and State tax returns along with work papers and communications with the Debtor relating thereto which are relevant to the Trustee's investigation and are not otherwise readily available to the Trustee.

5. Rule 2004(a) of the Federal Rules of Bankruptcy Procedure provides that, on motion of any party in interest, the court may order the examination of any entity.  Rule 2004(b) provides that the examination may relate to the acts, conduct, property, liabilities and financial condition of the debtor, or to any matter that may affect the administration of the debtor's estate, and may extend to any entity, including entities that are not the debtor.

6. Good cause exists to authorize the requested examination because the documents sought are directly relevant to the Debtor's prepetition financial condition and transactions, are necessary to the Trustee's administration of the estate and are not unduly burdensome or overbroad in light of the Trustee's need to evaluate the Debtor's financial affairs.

7. The Trustee requests entry of an Order, substantially in the form attached hereto as Exhibit B, (i) authorizing the Trustee to examine representatives of AAFCPA pursuant to Rule 2004 having knowledge relating to and concerning the preparation and filing of the Debtor's Federal and State tax returns along with work papers, and communications with the Debtor relating thereto and (ii) directing AAFCPA to produce within fifteen (15) days of entry of the Order, the documents described in Exhibit A.

855353

8.      The document requests set forth in Exhibit A generally seek (a) financial of the Debtor relating to the Debtor's assets and labilities particularly, but not limited to, the preparation Federal and State tax returns of the Debtor, (b) financial information provided by the Debtor in connection the preparation of those tax returns (c) all internal memorandum and documents relating to the preparation of Federal and State tax returns (d) work papers relating to the foregoing, and (e) communications between AAFCPA and the Debtor

9.      Notice of this motion has been provided to the United States Trustee, AAFCPA and parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit B:

(i)      authorizing the examination of AAFCPA, Inc. pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure;

(ii)     directing AAFCPA Inc. to produce the documents identified in Exhibit A within fifteen (15) days from the entry of the Order allowing the motion; and

(iii)    granting such other and further relief as the Court deems just and proper.

Dated:  August 4, 2026

Harold B Murphy, as he is Chapter 7 Trustee
of Oxford Street Education, LLC
By his Attorneys

*/s/Charles R Bennett Jr*.
Charles R Bennett, Jr. (BBO #037380)
Murphy & King, P.C.
28 State Street, Suite 3100
Boston, MA  02109
Telephone No.:  (617) 423-0400
Email: cbennett@murphyking.com

855353

**Exhibit A**

## EXHIBIT A

## DOCUMENT REQUEST TO AAFCPA, INC.

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, "Documents" or "Documents" shall have the broadest meaning permitted under Bankruptcy Rule 7034 and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, into reasonably usable form.  This includes, but is not limited to, all originals, copies, drafts, revisions, amendments, modifications, correspondence, memoranda, notes, emails, text messages, instant messages, reports, analyses, spreadsheets, presentations, recordings, and any other tangible or electronically stored information.

2. "Communication" means any exchange of information, whether oral or written, including but not limited to letters, emails, text messages, instant messages, telephone calls, voicemails, video conferences, and in-person conversations means all written, recorded, or graphic material of every kind, including electronically stored information, in the possession, custody, or control of AAFCPA, its officers, directors, shareholders, members, employees, agents, or representatives.

3. AAFCPA shall produce all responsive Documents in its possession, custody, or control, regardless of the form or medium in which such Documents are maintained.

**RELEVANT TIME PERIOD**

Unless otherwise specified, these requests seek Documents dated, created, or in effect from January 1, 2019 through June 5, 2026, the Petition Date, and shall include Documents created or received after the Petition Date to the extent they relate to the period preceding the Petition Date.

**DOCUMENT REQUESTS**

(a) All financial statements of the Debtor whether provided by the Debtor to AAFCPA or prepared, compiled, reviewed, or maintained by AAFCPA, including balance sheets, income statements, statements of cash flow, and statements of members' equity ("Financial Statements").

(b) All Federal and State Income Tax Returns of the Debtor, including all schedules, attachments, and amendments thereto, prepared or maintained by AAFCPA (the "Tax Returns").

1

(c) All work papers, supporting schedules, reconciliations, and other underlying documentation relating to the preparation of any Tax Returns, including all internal communications or memorandum relating to or concerning the Tax Returns.

(d) All Documents furnished by any third party to AAFCPA relating to or in connection with the Tax Returns.

(e) All Communications between AAFCPA and the Debtor, any of the Debtor's officers or members of the board of managers of the Debtor.

(f) All Communications between AAFCPA and any third party relating to or concerning the Tax Returns.

(g) All K-1 or 1099 prepared by AAFCPA on behalf of the Debtor and any Communication relating to concerning the issuance of the K-1 or 1099.

(h) All Documents relating to the Debtor's issuance of Bond (commonly referred to as Croft Bonds, or other securities, or debt instruments including without limitation any private placement memoranda, subscription agreements, offering documents, investor communications, and related financial analyses or valuations.

2

855357

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC**<br>**d/b/a THE CROFT SCHOOL**<br><br>**Debtor** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

**ORDER**
**ON MOTION OF HAROLD B. MURPHY AS HE IS THE CHAPTER 7 TRUSTEE FOR**
**OXFORD STREET EDUCATION, LLC FOR THE EXAMINATION OF AAFCPA, INC.**
**AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 2004**

This matter having come before the Court for hearing on the Motion of Harold B. Murphy as He is the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Oxford Street Education, LLC d/b/a The Croft School (the "Debtor") for Entry of an Order Authorizing the Examination of AAFCPA, Inc. ("AAFCPA"), ("Motion") and directing AAFCPA to produce the documents described in Exhibit A to the Motion.  Due Notice having been provided and after hearing and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion is hereby allowed and AAFCPA shall designate one or more representatives to appear and be examined under oath by the Trustee as to the acts, conduct, property, liabilities and financial condition of the Debtor or to any matter that may affect the administration of the Debtor's estate; and

855370

2.      AAFCPA shall electronically produce in a searchable format within fifteen (15) days from the service of this Order on AAFCPA, the documents requested by the Trustee in Exhibit A to the Motion.


Dated this _____ day of August 2026.        _____

Honorable Janet E. Bostwick
United States Bankruptcy Judge

855370