**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC<br>d/b/a THE CROFT SCHOOL**<br><br>**Debtor** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

**MOTION OF HAROLD B. MURPHY AS HE IS THE CHAPTER 7 TRUSTEE FOR OXFORD STREET EDUCATION, LLC D/B/A THE CROFT SCHOOL FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR THE EXAMINATION OF ANDREW SOLOMON AS DESIGNEE OF MEASURED MOXIE CONSULTING LLC AND THE PRODUCTION OF DOCUMENTS**

Harold B. Murphy as he is the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Oxford Street Education, LLC d/b/a The Croft School (the "Debtor") moves pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure for entry of an Order authorizing: (a) the examination of Andrew Solomon as the designee of Measured Moxie Consulting LLC; and (b) requiring Measured Moxie Consulting LLC to produce the documents described in Exhibit A attached hereto.

In support of this motion, the Trustee respectfully states as follows:

1. On June 5, 2026, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing the above-captioned case (the "Case"). The Trustee is the duly appointed Chapter 7 Trustee of the Debtor.

2. The Trustee is investigating the Debtor's prepetition financial condition, business operations and transactions, to among other things, identify assets of the estate and potential claims for the benefit of creditors.

3. Andrew Solomon ("Solomon") is the principal of Measured Moxie Consulting LLC ("Measured Moxie") who was engaged by the Debtor to provide "financial modeling".

4. Measured Moxie and Solomon are believed to possess information relating to various financial models and projections prepared on behalf of the Debtor along with supporting work papers and communications with the Debtor (the "Financial Information"). This Financial Information is relevant to the Trustee's investigation and is not otherwise readily available to the Trustee.

5. Rule 2004(a) of the Federal Rules of Bankruptcy Procedure provides that, on motion of any party in interest, the court may order the examination of any entity. Rule 2004(b) provides that the examination may relate to the acts, conduct, property, liabilities and financial condition of the debtor, or to any matter that may affect the administration of the debtor's estate, and may extend to any entity, including entities that are not the debtor.

6. Good cause exists to authorize the examination of Andrew Solomon, as the designee of Measured Moxie, because he is the principal person responsible for preparing the Financial Information and is the most knowledgeable as to the services provided and Financial Information developed by Measured Moxie relative to the Debtor's prepetition financial condition and transactions. The examination is necessary to the Trustee's administration of the estate and is not unduly burdensome or overbroad in light of the Trustee's need to evaluate the Debtor's financial affairs.

7. Good cause exists to authorize Andrew Solomon and Measured Moxie to produce documents relevant to the Debtor's prepetition financial condition and transactions, which documents are necessary to the Trustee's administration of the estate and are not unduly burdensome or overbroad in light of the Trustee's need to evaluate the Debtor's financial affairs.

8. The documents being requested generally seek (a) financials of the Debtor relating to the Debtor's assets and liabilities, (b) the financial models prepared, (c) all internal memoranda, (d) work papers relating to the foregoing, (e) documents provided to Andrew Solomon or Measured Moxie by the Debtor, and (f) communications between Andrew Solomon and Measured Moxie and the Debtor and representatives of the Debtor.

9. The Trustee requests entry of an Order, substantially in the form attached hereto as Exhibit B:

(i) authorizing the Trustee to examine Andrew Solomon as the designee of Measured Moxie pursuant to Rule 2004 as having knowledge relating to and concerning the preparation of financial models on behalf of the Debtor along with work papers, drafts, documents, and communications with the Debtor relating thereto; and

(ii) directing Andrew Solomon and Measured Moxie to produce within fifteen (15) days of entry of the Order, the documents described in Exhibit A.

10. Notice of this motion has been provided to the United States Trustee, Andrew Solomon and Measured Moxie and parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order, substantially in the form attached hereto as Exhibit B:

(i) authorizing the examination of Andrew Solomon as the designee of Measured Moxie Consulting LLC pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure;

(ii) directing Andrew Solomon and Measured Moxie Consulting LLC to produce the documents identified in Exhibit A within fifteen (15) days from the entry of the Order allowing the motion; and

(iii) granting such other and further relief as the Court deems just and proper.

Dated: August 31, 2026

Harold B. Murphy, as he is Chapter 7 Trustee
of Oxford Street Education, LLC
By his Attorneys

*<u>/s/ Charles R. Bennett, Jr.</u>*
Charles R. Bennett, Jr. (BBO #037380)
Murphy & King, P.C.
28 State Street, Suite 3100
Boston, MA 02109
Telephone No.: (617) 423-0400
Email: cbennett@murphyking.com

# **Exhibit A**

**EXHIBIT A**

**DOCUMENT REQUEST TO MEASURED MOXIE CONSULTING , LLC**

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, "Documents" or "Document" shall have the broadest meaning permitted under Bankruptcy Rule 7034 and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, into reasonably usable form. This includes, but is not limited to, all originals, copies, drafts, revisions, amendments, modifications, correspondence, memoranda, notes, emails, text messages, instant messages, reports, analyses, spreadsheets, presentations, recordings, and any other tangible or electronically stored information.
2. "Communication" means any exchange of information, whether oral or written, including but not limited to letters, emails, text messages, instant messages, telephone calls, voicemails, video conferences, and in-person conversations means all written, recorded, or graphic material of every kind, including electronically stored information, in the possession, custody, or control of Measured Moxie Consulting LLC, its partners, members, employees, agents, or representatives.
3. Measured Moxie Consulting LLC shall produce all responsive Documents in its possession, custody, or control, regardless of the form or medium in which such Documents are maintained.
4. The Debtor is Oxford Street education LLC d/b/a the Croft School

**RELEVANT TIME PERIOD**

Unless otherwise specified, these requests seek Documents dated, created, or in effect from January 1, 2019 through the Petition Date and shall include Documents created or received after the Petition Date to the extent they relate to the period preceding the Petition Date.

**DOCUMENT REQUESTS**

(a) All financial modeling prepared, compiled, reviewed, or maintained by Measured Moxie on behalf of the Debtor , including but not limited to income statements, statements of cash flow, projections, budgets and statements of members' equity. ("Financial Information");

(b) All work papers relating to or concerning the preparation of Financial Information;

(c) All Documents furnished to Measured Moxie Consulting LLC by the Debtor to relating to or in connection with the Financial Information;

(d) All Documents furnished by any third party to Measured Moxie Consulting LLC relating to or in connection with the Financial Statements or the Debtor;

(e) All management reports, financial summaries, budgets, forecasts, and variance analyses prepared for or provided to the Debtor's officers or board of managers;

(f) All work papers, supporting schedules, reconciliations, and other underlying documentation relating to the preparation of any of the Documents requested in paragraphs A through E above;

(g) Measured Moxie Consulting LLC internal communications concerning or relating to the Debtor including but not limited to memoranda, and electronic mail between any officer or member of the board of managers of the Debtor.

(h) Communications by and among Measured Moxie Consulting LLC and any officer or member of the board of managers of the Debtor.

(i) All Communications by and among Measured Moxie Consulting LLC and any third party relating to or concerning the Debtor.

(j) All Documents relating to or concerning the Debtor's solicitation and or issuance of investment or offering of securities, bonds or other debt instruments including without limitation any private placement memoranda, subscription agreements, offering

# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC d/b/a THE CROFT SCHOOL**<br><br>**Debtor** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

**ORDER**
**ON MOTION OF HAROLD B. MURPHY AS HE IS THE CHAPTER 7 TRUSTEE FOR OXFORD STREET EDUCATION, LLC FOR THE EXAMINATION OF MEASURED MOXIE, CONSULTING, LLC AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

This matter having come before the Court for hearing on the Motion of Harold B. Murphy as he is the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Oxford Street Education, LLC d/b/a The Croft School (the "Debtor") for Entry of an Order Authorizing the Examination of Measured Moxie Consulting LLC ("Measured Moxie"), ("Motion") and directing Measured Moxie to produce the documents described in Exhibit A to the Motion. Due Notice having been provided and after hearing and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is hereby allowed and Andrew Solomon as the designee of Measured Moxie shall appear and be examined under oath by the Trustee as to the acts, conduct, property, liabilities and financial condition of the Debtor or to any matter that may affect the administration of the Debtor's estate; and

2. Measured Moxie and Andrew Solomon shall electronically produce in a searchable format within fifteen (15) days from the service of this Order on Measured Moxie, the documents requested by the Trustee in Exhibit B to the Motion.

Dated this _____ day of September 2026. ______________________________

Honorable Janet E. Bostwick
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC**<br>**d/b/a THE CROFT SCHOOL**<br><br>**Debtor** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

## CERTIFICATE OF SERVICE

I, Charles R. Bennett, Jr., hereby certify that on August 31, 2026, I caused a copy of the *Motion of Harold B. Murphy as he is the Chapter 7 Trustee for Oxford Street Education, LLC d/b/a The Croft School for Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 for the Examination of Andrew Solomon as Designee of Measured Moxie Consulting LLC and the Production of Documents* to be served via electronically through this Court's CM/ECF System, and I served a copy via first class mail to the parties identified on the attached list.

*/s/ Charles R. Bennett, Jr.*
Charles R. Bennett, Jr. (BBO #037380)
MURPHY & KING, P.C.
28 State Street, 31st Floor
Boston, Massachusetts 02109
Telephone No.: (617) 423-0400
Email: cbennett@murphyking.com

Dated: August 31, 2026

**VIA CM/ECF:**

| | |
|---|---|
| • James G. Atchison | atchison@casneredwards.com; luo@casneredwards.com |
| • Christopher M. Condon | |
| • Jennifer V. Doran | jdoran@haslaw.com; calirm@hinckleyallen.com kabarrett@hinckleyallen.com |
| • David Fialkow | david.fialkow@troutman.com |
| • Richard King – B | USTPRegion01.BO.ECF@USDOJ.GOV |
| • Andrew G. Lizotte | agl@murphyking.com; bankruptcy@murphyking.com; aspanos@murphyking.com; aceglarski@murphyking.com agl@murphyking.com;alizotte@murphyking.com ecf-72a6723957cc@ecf.pacerpro.com |
| • John T. Morrier | morrier@casneredwards.com; luo@casneredwards.com |
| • David B. Madoff | madoff@mandkllp.com; alston@mandkllp.com |
| • Harold B. Murphy | mxc@hanify.com; ma33@ecfcbis.com; kflynn@murphyking.com |
| • Nina M. Parker | parker@mandkllp.com; alston@mandkllp.com; soares@mandkllp.com |
| • Hanna J. Redd | hanna.redd@troutman.com; monica.molitor@troutman.com |
| • Hannah J. Schilling | hschilling@crfllp.com |
| • Matthew Thomson | mthomson@llrlaw.com |

**VIA FIRST CLASS MAIL**

Measured Moxie Consulting, LLC
39 Glenburn Road
Arlington, MA 02476