**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**OXFORD STREET EDUCATION, LLC., d/b/a THE CROFT SCHOOL,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 26-11334-JEB** |

# MOTION BY TRUSTEE TO CONDUCT RULE 2004 EXAMINATION OF BYZFUNDER NY LLC

Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, Harold B. Murphy, the duly appointed ("Trustee") of the bankruptcy estate ("Estate") of Oxford Street Education, LLC (the "Debtor"), respectfully moves this Court for entry of an order authorizing the Debtor to conduct an examination of Byzfunder NY, LLC ("Byzfunder") with respect to certain prepetition transactions between the Debtor and Byzfunder. The Trustee further requests that, in connection with that examination, Byzfunder produce the documents designated in Exhibit A attached to this motion. As grounds for this request, the Trustee states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

2. The predicates for the relief requested herein are found in Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On June 5, 2026 (the "Petition Date"), the Debtor commenced a bankruptcy case by filing a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

4. On June 5, 2026, the Trustee was appointed on an interim basis.

5. At the time of the filing, the Debtor operated a private school for students from pre- kindergarten through sixth (6th) grade in Boston, Massachusetts and Providence, Rhode Island. All operations at the Croft School concluded as of June 12, 2026 and the school has ceased operations.

6. In the course of his investigation into the Debtor's financial affairs, the Trustee has determined that as the Debtor began to encounter financial distress, it entered into more than one short-term loan arrangement. The Trustee has further determined that during the period June 2023 to December 2025, the Debtor had a pattern of making regular payments, as often as weekly, to Byzfunder. The Trustee seeks to further investigate the Debtor's relationship with Byzfunder.

## REQUEST FOR EXAMINATION

7. Federal Rule of Bankruptcy Procedure 2004 provides that, upon motion by the Estate, the Court may order examination of any entity related to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" Fed. R. Bankr. Proc. 2004(b). *See also In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1982); *In re Duratech Industries, Inc.*, 241 B.R. 283 (E.D.N.Y. 1999).

8. The Trustee seeks to further investigate the terms and conditions of the lending relationship between the Debtor and Byzfunder. Byzfunder possesses information and documents in its custody and control which are relevant to the Trustee's investigation.

9. Pursuant to this motion, the Trustee requests that the Court require Byzfunder to produce the documents designated in Exhibit A within within fourteen (14) days of service upon Byzfunder of the order granting this Motion. The Trustee reserves the right to conduct an oral examination of a representative of Byzfunder after he has had an opportunity to review documents that are produced.

WHEREFORE, the Trustee respectfully prays that this Court enter an Order:

1. Authorizing the Trustee to conduct an oral examination of Byzfunder upon notice pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure;

2. Requiring Byzfunder to produce documents specified in Exhibit A within fourteen (14) days of service of the order approving this motion; and

3. Granting such other relief as is just and proper.

Respectfully submitted,

Harold B. Murphy, Chapter 7 Trustee,
By counsel:

Dated: September 1, 2026

*/s/ Andrew G. Lizotte*

Andrew Lizotte (BBO #559609)
MURPHY & KING, Professional Corporation
28 State Street, Suite 3101
Boston, MA 02109
Tel: (617) 423-0400
Email: ALizotte@murphyking.com

856319

**EXHIBIT A**

## DEFINITIONS

1. The term "document" or "documents" as used herein shall mean the fullest scope of the term and shall include without limitation:

a. all writings of any kind (including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, correspondence, notes, statements, transcriptions, checks, check stubs, forms, application, tickets, ticket stubs, receipts, records, returns, summaries, books, diaries, intra-office communications, notations of any sort of conversations or interviews, telephone calls, telephone records or other oral communications, and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing;

b. all graphic representations of any kind, including without limitation, photographs, charts, graphs, plans, drawings, microfiche, microfilm, videotape, recording, and motion pictures;

c. all audio records, electronic, mechanical, or electrical records or representations, whether transcribed or not, including without limitation, tapes, cassettes, discs and tape recordings; and

d. all electronically generated and/or stored correspondence, memoranda, communications, data compilations or records of any sort, including, but not limited to, electronic mail messages and all drafts, versions, non-identical copies and "back-ups" of any documents generated or stored on computers, regardless of whether such documents are presently stored on that computer or as part of "back-up" or archival files.

2. The term "identify" as used herein means as follows:

a. To "identify" a document means (i) to state the name or title of the document; (ii) to provide a description sufficient to identify the document for the purposes of a request to produce or a subpoena duces tecum; (iii) to state the date the document was prepared; (iv) to state the name(s) of the author(s) of the document; (v) to state the addressee(s) or other recipient(s) of the document, if any; (vi) to state the name of the person, if any, who provided it to the deponent, or the means by which the deponent acquired knowledge of its contents or obtained access to it; (vii) to state a summary of the substance of the document; and (viii) to state the name and address of the person(s) having custody and/or

control thereof.

b. To "identify" a natural person is to provide (i) the person's full name; (ii) the person's occupation, job description, position, and title; (iii) the name and address of the person's employer; (iv) the person's business and residential address and telephone numbers, or, if not known, the last known business and residential address and telephone numbers; and (v) the relationship between the person and any or all of the parties in this action.

c. To "identify" a person other than a natural person is (i) to provide the full name and present or last known address and telephone number of the principal place of such person, and (ii) to describe its relationship with any or all of the parties in this action.

d. To "identify" a communication means to provide (i) a statement whether the communication was oral or written and a summary of the substance; (ii) the identification of every document embodying, concerning, indicating or relating in any way to the communication; (iii) the identification of every person who participated or was involved in the communication and the nature of their involvement; (iv) the identification of the date of the communication; and (v) the identification of the place at which the participants to the communication were located at the time of the communication.

e. To "identify" a place means to state the full name and address, the type of facility (e.g. warehouse, office, file room, storeroom), and the date when any such place or location was used for the activity inquired about.

3. As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

4. The word "person" or "individual" as used herein means any natural person, corporation, partnership, firm, trust, group, association, governmental agency or any other organization.

5. The term "concerning" means in any way relating to, referring to, describing, evidencing, or constituting.

6. The terms "relates" and "relating to" as used herein mean comprising, indicating, concerning, referring, evidencing, discussing, involving or otherwise relating to, directly or indirectly,

in any way whatsoever.

7. The term "Bankruptcy Case" means the Chapter 7 bankruptcy case of Oxford Streed Education, LLC pending in the United States Bankruptcy Court for the District of Massachusetts, Case No. 26-11334.

8. The term "Debtor" shall mean Oxford Street Education, LLC, the debtor in the Bankruptcy Case.

9. The term "You" shall refer to Byzfunder NY LLC and its representatives.

**INSTRUCTIONS**

1. If any document responsive to this Request has been destroyed or lost, You are to provide copies of said document or state in your response, the date of such destruction or loss and the name of the person who ordered, authorized, or was responsible for such destruction or loss, and identify any other person who may have a copy of the document.

2. If You are requested to produce a document, the request shall be deemed to include any and all relevant documents that are or have been in Your possession, custody, or control, or to which You have access, including without limitation the files of Your agents, employees, attorneys, accountants, management firms and other representatives.

3. The relevant period for all document requests shall be May 2023 through January 2026.

**DOCUMENTS REQUESTED**

1. All merchant cash agreements, sale of future receipts agreements, loan agreements, promissory notes, or other transactional documents by and between Byzfunder NY LLC, including its affiliates, and the Debtor, including any amendments or modifications thereto.

2. All documents concerning advances made by Byzfunder NY LLC, including its affiliates, to or for the benefit of the Debtor.

3. All documents in support of payments made directly or indirectly by the Debtor to Byzfunder NY LLC or any of its affiliates.

4. All correspondence between the Debtor and Byzfunder NY LLC or any of its affiliates.